RHODA NASON *vs.* EBENEZER JORDAN.

*Parol evidence admissible to show contents of lost records.*

Where the record of a partition, if such record ever existed, was destroyed by
the great fire of July 4, 1866, in Portland, by which the probate records of
Cumberland county were consumed, parol evidence of occupation, and other
parol testimony, were properly admitted, to establish the fact that a parti-
tion had been made, and the nature of it, without first requiring the de-
mandant to prove that no "authenticated copy" of such partition was in
existence, to her knowledge; although the Public Laws of 1867, c. 128, § 3,
authorized the recording of such copy in cases where the original record
was destroyed in that fire.

ON EXCEPTIONS.

WRIT OF ENTRY to recover possession of one half of the souther-
ly quarter of the Witham farm in Auburn, claimed by the demand-
ant by inheritance, as sole heir of her deceased mother, who was
one of the four heirs of the late Ezra Witham, who died, seized and
possessed of this farm, in 1825. The town of Auburn was then
part of Cumberland county. The demandant claimed this partic-
ular quarter of the farm by virtue of an alleged partition among
the heirs of Ezra Witham, made by commissioners appointed by
the judge of probate for Cumberland county, the record of which
was destroyed in the great fire in Portland, July 4, 1866, by which
all the records in the probate office there were consumed. The
tenant, while conceding the claimant's title by inheritance to an
undivided quarter of Ezra Witham's real estate, denied that any
division of it was ever made among his heirs, or that the demand-
ant was entitled to the specific portion described in her declaration.
It was admitted that, if any such partition was ever made and re-
corded, the records were burned in the fire before mentioned; and
that the premises demanded were one-half part of the southern
quarter of the farm. In 1826, the demandant's mother, Sally
Witham, daughter of the late Ezra Witham, married Seth C. Na-
son. Mrs. Nason died in 1828, leaving Rhoda as her only child.

Nason v. Jordan.

Seth C. Nason, as tenant by the courtesy, occupied the real estate of his deceased wife from 1828 until he sold as hereinafter stated. At the trial of this cause the presiding justice, against the objection of the tenant, permitted the demandant to introduce oral testimony for the purpose of proving that Ezra Witham's farm was equally divided among his four children soon after his death. The first witness called testified that Seth C. Nason carried on the south quarter of the farm in 1827, and then told the witness that he was doing so in the right of his wife, Sally. At that time one Gowell carried on the other three quarters of the farm under a lease from the other heirs, (as this witness stated) but afterwards, a year or two later, the others took possession of their respective quarters, which were separated by division fences. This witness added that when Seth C. Nason took possession of this southern quarter he told the witness that he did so in the right of his wife, Sally, as one of the heirs of Ezra Witham. Other parol testimony as to the occupation of the quarters was introduced. One witness said that Seth C. Nason occupied Sally's share from the time she died till 1841, when he sold one half of it to Paul Curtis, occupying the rest till 1867, when he sold to the tenant the other half, claimed in this action. Seth C. Nason died in 1871.

To all of this testimony the tenant objected, and upon its admission consented to a verdict of guilty with twenty dollars damages, but excepted to the rulings of the presiding judge admitting the evidence.

*Frye, Cotton & White,* for the tenant.

The demandant claims a division was made by commissioners appointed by the judge of probate for Cumberland county, and it is admitted that the records thereof, if any, were burned in the great Portland fire. The law of 1821, c. 49, § 33, required a record in the probate office.

"Oral evidence cannot be substituted for any instrument which the law requires in writing, such as records, &c." 1 Greenl. on Ev., § 86.

Before a party can be permitted to use secondary evidence, he

must show that he has exhausted all means to procure the best evidence.

The Public Laws of 1867, c. 128, § 3, relating to the restoration of probate records for Cumberland county, provide that "duly authenticated copies of the record of any other instrument or paper which had been recorded in the registry of said court before the day aforesaid, may be presented to the judge in like manner, and the same shall be recorded anew."

The case finds no offer to show that the plaintiff had no "duly authenticated" copy of this record, or that none was in existence to her knowledge; so that she was unable to take advantage of the above provision of law. This she ought to have done, to have first laid a foundation for parol proof of a division.

N. G. Sturgis was permitted, against defendant's objection, to testify that "Seth C. Nason carried on, in 1827, the south quarter of the Witham farm, in the right of his wife, Sally, as he told me, while he was carrying it on." "When he took possession, he told me he took possession of the south quarter in the right of his wife Sally, as one of the heirs of Ezra Witham."

Seth C. Nason died in 1871. No claim is made by defendant under Seth C. Nason; and no declaration in disparagement, or otherwise, of his possession are admissible against this defendant.

Again, Ezra Nason was permitted to testify that he "was 43 years old; as far back as he could remember, father lived on Sally's share." Ezra Nason was born in 1830, four years after the claimed division, and three years after Sturgis says Seth C. Nason told him as above. Clearly a division could not have been a matter of personal knowledge to him; he didn't know Sally; he could have had no personal knowledge that the farm was in four equal lots for the purpose of a division between the heirs of Ezra Witham, or that the fence between what he calls "Charles's lot and Sally's" was a division fence. The same objections generally lie to the testimony of Joshua Small.

It is claimed, however, that testimony was rightfully admitted, because "exclusive possession by one tenant in common of a par-

ticular part of the estate, accompanied by a denial of his co-tenant's right of possession in the part thus occupied, may grow into a legal presumption of a partition being made."

Tenants in common "are individually seized *per mie et per tout.* The entry of one is the entry of both. Either has a right to actual possession, and his entry will be presumed to be in accordance with his title; and this presumption will hold until some notorious and unequivocal act of exclusion shall have occurred. *Duncan v. Sylvester,* 16 Maine, 390; *Colburn v. Mason,* 25 Maine, 435; *Thornton v. York Bank,* 45 Maine, 161.

Sally died in 1828, one year after (as Sturgis was allowed to testify) Seth C. Nason carried on the farm; there is no proof that Sally made claim to this or any particular portion of the premises, or that she lived upon the premises at all; the declaration of Seth C. Nason was inadmissible, therefore, to show the manner in which he occupied the farm; it affords no evidence that that "right" was an exclusive claim to a certain portion of these premises, while so broad a declaration might easily mislead a jury.

The presiding judge admitted this testimony on the ground of its tendency to show disseizin. When it is claimed Seth C. Nason took possession of these premises, Sally was under all the common law disabilities of coverture; she might have seizin in law but never in fact, for under the common law the wife could not become a disseizor. Sally died before enlarged rights were given to married women by the legislature. If she could not become a disseizor, no evidence of any act of disseizin on her part was admissible. *Sawyer v. Kendall,* 10 Cush., 241.

We call particular attention to the slight evidence of disseizin, for Seth C. Nason married Sally in 1826, and she died in 1828, and according to Sturgis's account Seth C. Nason carried on the farm in 1827, and Sally could have lived upon it but one year. If Seth C. Nason occupied it by right of courtesy from that time until 1867, and the defendant from that time, the disseizin could have been but one year possibly, for no one under whom the plaintiff claims has been in possession. The plaintiff must rely upon the

strength of her own title, and while the defendant does not seriously contend as to an undivided quarter of this land, he does claim judgment for the remaining three quarters.

*Enos T. Luce*, for the demandant, cited *Austin v. Austin*, 50 Maine, 74 ; 1 Washb. on Real Prop., 587, §§ 12, 13.

APPLETON, C. J.  The demandant's title is not denied.  The evidence from occupation and from witnesses is satisfactory that there was a division of the Witham estate among his four heirs, soon after his death, and forty yeârs ago.  The tenant does not deny the demandant's right to a quarter of that estate.  We think she is entitled to the quarter as occupied in accordance with the partition : that is, the southern quarter of the Witham farm.

The loss of the records in the probate office of Cumberland county being admitted, the testimony offered was properly received, being the best attainable.                    *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.